# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| **UNIBEAM PHOTONICS, LLC,**<br><br>                              Plaintiff,<br>v.<br><br>**NLIGHT PHOTONICS CORPORATION,**<br><br>                              Defendant. | Case No. 2:15-cv-1827<br><br>**PATENT CASE**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Unibeam Photonics, LLC, files this Complaint against nLIGHT Photonics Corporation, for infringement of United States Patent No. 6,075,912 (the "'912 Patent").

## PARTIES AND JURISDICTION

1. This is an action for patent infringement under Title 35 of the United States Code. Plaintiff is seeking injunctive relief as well as damages.

2. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents) because this is a civil action for patent infringement arising under the United States patent statutes.

3. Plaintiff Unibeam Photonics, LLC ("Plaintiff" or "Unibeam"), is a Texas limited liability company with its principal office located in the Eastern District of Texas, at 211 E. Tyler Street, Suite 600-A, Longview, Texas 75601.

4. Upon information and belief, Defendant nLIGHT Photonics Corporation ("Defendant") is a Delaware corporation with a principal office located at 5408 NE 88th Street, Building E, Vancouver, Washington 98665.  This Court has personal jurisdiction over Defendant because Defendant has committed, and continues to commit, acts of infringement in the state of

Texas, has conducted business in the state of Texas, and/or has engaged in continuous and systematic activities in the state of Texas.

5. Upon information and belief, Defendant's instrumentalities that are alleged herein to infringe were and/or continue to be sold, offered for sale, and/or used in the Eastern District of Texas.

## VENUE

6. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391(c) and 1400(b) because Defendant is deemed to reside in this district.  In addition, and in the alternative, Defendant has committed acts of infringement in this district.

## COUNT I
### (INFRINGEMENT OF UNITED STATES PATENT NO. 6,075,912)

7. Plaintiff incorporates paragraphs 1 through 6 herein by reference.

8. This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq*.

9. Plaintiff is the owner by assignment of the '912 Patent with sole rights to enforce the '912 Patent and sue infringers.

10. A copy of the '912 Patent, titled "Apparatus for Coupling Radiation Beams Into an Optical Waveguide," is attached hereto as Exhibit A.

11. The '912 Patent is valid and enforceable, and it was duly issued in full compliance with Title 35 of the United States Code.

12. The '912 Patent is a prominent patent in the field of lasers.  It was originally assigned to Polaroid Corporation.  In addition, the '912 Patent has been forward-cited as prior art in connection with the examination of at least 20 subsequently-issued U.S. Patents to date.

**(Direct Infringement)**

13. Upon information and belief, Defendant has infringed and continues to directly infringe one or more claims of the '912 Patent, including at least claim 1, by making, having made, selling, offering for sale, using, and/or importing Defendant's fiber coupled lasers, including without limitation the Pearl P10 Fiber Coupled Diode Lasers, Pearl P16 Fiber Coupled Diode Lasers, element E3 Fiber Coupled Diode Laser, element E6 Fiber Coupled Diode Laser, element E12 Fiber Coupled Diode Laser, element E18 Fiber Coupled Diode Laser and all sub-models (the "Accused Instrumentalities").

14. Defendant's actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendant is enjoined and restrained by this Court.

15. Plaintiff is in compliance with 35 U.S.C. § 287.

## COUNT 2
## WILLFUL INFRINGEMENT

16. Plaintiff incorporates paragraphs 1 through 15 herein by reference.

17. The infringement of the '912 Patent by Defendant has been and continues to be willful.  Defendant had knowledge of the '912 Patent because the '912 Patent was cited as prior art in connection with the examination of at least five subsequently-issued U.S. patents that were originally assigned to Defendant (U.S. Patent Nos. 7,420,996, 7,436,868, 7,443,895, 7,586,963, and 7,848,372).  In addition, as described in paragraph 12 above, the '912 Patent is a prominent patent in the field of lasers, and it has been forward-cited in at least 20 subsequently-issued U.S. patents to date.

18. After the time Defendant had knowledge of the '912 Patent, it continued to directly infringe the '912 Patent.  Upon information and belief, Defendant did so despite an objectively

high likelihood that its actions constituted infringement of a valid patent (*i.e.*, the '912 Patent), and this objectively-defined risk was known to Defendant or so obvious that it should have bene known to Defendant.

19. In accordance with Fed. R. Civ. P. 11(b)(3), Plaintiff will likely have additional evidentiary support for its claims of willful infringement after a reasonable opportunity for discovery on this issue.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of all issues so triable by right.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court to:

a) Enter judgment for Plaintiff on this Complaint on all causes of action asserted herein;

b) Enjoin Defendant, its agents, officers, servants, employees, attorneys and all persons in active concert or participation with Defendant who receive notice of the order from further infringement of United States Patent No. 6,075,912 (or, in the alternative, awarding Plaintiff a running royalty from the time of judgment going forward);

c) Award Plaintiff damages resulting from Defendant's infringement in accordance with 35 U.S.C. § 284;

d) Aware Plaintiff enhanced damages as provided under 35 U.S.C. § 284;

e) Declare this an "exceptional case" pursuant to 35 U.S.C. § 285 and award Plaintiff its attorney's fees and any other appropriate relief;

f) Award Plaintiff pre-judgment and post-judgment interest and costs; and

g) Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity.

Dated: November 23, 2015

Respectfully submitted,

*/s/ Craig Tadlock*
Craig Tadlock
State Bar No. 00791766
John J. Harvey, Jr.
State Bar No. 09179770
Keith Smiley
State Bar No. 24067869
TADLOCK LAW FIRM PLLC
2701 Dallas Parkway, Suite 360
Plano, Texas 75093
903-730-6789
craig@tadlocklawfirm.com
john@tadlocklawfirm.com
keith@tadlocklawfirm.com

***Attorneys for Plaintiff Unibeam Photonics, LLC***